RECEIPT # 58676
AMOUNT $ 150 Cash
SUMMONS ISSUED 1-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 9-15-04

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN S. HANCOCK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| JOSEPH R. HANCOCK ) | |
| ) | 04 11989 MEL |
| Defendant. ) | |

## VERIFIED COMPLAINT AND DEMAND FOR JURY

MAGISTRATE JUDGE _Collings_

### I. NATURE OF CASE

1. This is a diversity action brought pursuant to 28 U.S.C. § 1332(a), alleging breach of contract, misrepresentation, promissory estoppel, breach of lease agreement, and illegal eviction under Texas and Massachusetts law as a result of a breached contract to transfer a tax, investment, and insurance business and subsequent illegal eviction.

### II. PARTIES

2. Plaintiff, Martin S. Hancock ("Plaintiff"), is an individual, and at all relevant times to this action has resided within the geographic boundaries of the Eastern District of Massachusetts.

3. Defendant, Joseph R. Hancock ("Defendant") is an individual, and at all relevant times to this action is a legal resident of the State of Texas.

### II. JURISDICTION AND VENUE

4. Plaintiff brings this suit under 28 U.S.C. § 1332(a).

5. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

7. The facts, events, and transactions giving rise to this lawsuit occurred within the federal district for the Eastern District of Massachusetts; therefore, venue is properly with this Court.

### III. FACTUAL ALLEGATIONS

8. In early January of 2003, the Plaintiff and the Defendant entered into an oral contract in Texas, in which Defendant agreed to and represented to Plaintiff that he would transfer Plaintiff all legal and equitable ownership of New Dimensions Financial Services, Inc. d/b/a Hancock Tax & Financial Service ("HTFS") and Hancock & Stratford Insurance, Inc. ("Stratford Insurance").

9. In consideration, Plaintiff agreed to immediately relocate to Massachusetts, work to help Defendant save HTFS and Stratford Insurance from two key employee's untimely departure, re-take the bar exam in Massachusetts (Plaintiff was already a licensed attorney in the State of Indiana) and obtain the necessary insurance and securities licenses in order to run the two businesses.

10. HTFS and Stratford Insurance were to be transferred to Plaintiff upon the Defendant's arrival in Massachusetts in mid January of 2003, thereupon Defendant was to hold a meeting and inform all of the employees of HTFS and Stratford Insurance of the change in ownership.

11. In January of 2003, Defendant further misrepresented the net income of HTFS to be $250,000.00 per from taxes and $150,000.00 per year from investments, to entice Plaintiff to relocate to Massachusetts and work for Defendant.

12. Upon reaching said agreement and relying on the Defendant's misrepresentations, Plaintiff immediately relocated to Massachusetts, worked to help Defendant save his businesses, and took the following exams in order to take over the Defendant's tax, investment, and insurance businesses, the Massachusetts bar exam, the Massachusetts Property & Casualty insurance exam, the Massachusetts, Life, Accident & Health Insurance exam.

13. Defendant tricked Plaintiff into relocating to Massachusetts to work for him on the false promise that he would transfer his tax, investment, and insurance businesses to Plaintiff.

14. Defendant had no intention of transferring HTFS and Stratford Insurance to Plaintiff and has failed to transfer said businesses to Plaintiff as represented.

15. From January of 2003 through August of 2004, Defendant continued to misrepresent to Plaintiff that he would transfer Plaintiff his tax, investment, and insurance businesses at some point in the future.

16. On August 12, 2004, Defendant, without notice, locked Plaintiff out of his own law firm and real estate business.

17. Plaintiff had an oral lease agreement with the Defendant for the operation of Plaintiff's law firm, under which Plaintiff agreed to and performed HTFS's collection work, in exchange for office space, computer access, and office supplies.

18. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered great economic damages, mental anguish, and humiliation.

## IV. CLAIMS UNDER TEXAS LAW

### A. COUNT I – BREACH OF CONTRACT

19.     The Plaintiff hereby incorporates paragraphs one (1) through eight-teen (18) of this Complaint as if the same were set forth at length herein.

20.     Plaintiff had an oral contract with Defendant, under which Defendant agreed to transfer all legal and equitable interests in HTFS and Stratford Insurance to Plaintiff, upon the Defendant's arrival in Massachusetts in mid January of 2003.

21.     Defendant breached the contract by failing to transfer any interest in HTFS and/or Stratford Insurance to Plaintiff.

22.     Plaintiff has suffered economic losses as a result of Defendant's breach.

### B. COUNT II – PROMISORY ESTOPPEL

23.     The Plaintiff hereby incorporates paragraphs one (1) through twenty-two (22) of this Complaint as if the same were set forth at length herein.

24.     Defendant promised Plaintiff that he would transfer his tax and investment business to him upon his arrival to Massachusetts in mid January 2003.

25.     Defendant knew and/or reasonably should known that Plaintiff would rely on Defendant's promise.

26.     Plaintiff substantially and reasonably relied on Defendant's promise to his detriment.

27.     Injustice can be avoided only by enforcement of Defendant's promise.

## V. CLAIMS UNDER MASSACHUSETTS LAW

### A. COUNT I - MISREPRESENTATION

28. The Plaintiff hereby incorporates paragraphs one (1) through twenty-seven (27) of this Complaint as if the same were set forth at length herein.

29. Defendant's representation that he would transfer HTFS and Stratford Insurance to Plaintiff upon his arrival in Massachusetts in mid January 2003 was a false representation of material fact.

30. Defendant knew and/or reasonably should have known of its falsity.

31. Defendant made said representation for the purpose of inducing Plaintiff to take action and relocate to Massachusetts to work for his tax, investment, and insurance businesses.

32. Plaintiff reasonably relied upon Defendant's representation to his detriment.

### B. COUNT II - MISREPRESENTATION

33. The Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) of this Complaint as if the same were set forth at length herein.

34. Defendant's representation to Plaintiff that Defendant's business earned Two-Hundred and Fifty Thousand Dollars ($250,000.00) of net income per year from taxes and One-Hundred and Fifty Thousand ($150,000.00) of net income per year from investment commissions was a false representation of material fact.

35. Defendant knew and/or reasonably should have known of its falsity.

36. Defendant made said representation for the purpose of inducing Plaintiff to take action and relocate to Massachusetts to work for his tax, investment, and insurance businesses.

37. Plaintiff reasonably relied upon Defendant's representation to his detriment.

### C. COUNT III - MISREPRESENTATION

38. The Plaintiff hereby incorporates paragraphs one (1) through thirty-seven (37) of this Complaint as if the same were set forth at length herein.

39. Defendant's continued representations that he would transfer his tax, investment, and insurance businesses to Plaintiff at some future date was a false representation of material fact.

40. Defendant knew and/or reasonably should have known of its falsity.

41. Defendant made said representation for the purpose of inducing Plaintiff to continue to work for his tax, investment, and insurance businesses.

42. Plaintiff reasonably relied upon Defendant's representation to his detriment.

### D. COUNT IV – PROMISORY ESTOPPEL

43. The Plaintiff hereby incorporates paragraphs one (1) through forty-two (42) of this Complaint as if the same were set forth at length herein.

44. Defendant promised Plaintiff that he would transfer his tax, investment, and insurance businesses to him at a future date.

45. Defendant knew and/or reasonably should known his promise would induce the Plaintiff to act in a definite and substantial manner.

46. Defendant's promise induced the Plaintiff to continue to work for Defendant's tax, investment, and insurance businesses.

47. Injustice can be avoided only by enforcement of Defendant's promise.

### E. COUNT V – BREACH OF LEASE AGREEMENT

48.     The Plaintiff hereby incorporates paragraphs one (1) through forty-seven (47) of this Complaint as if the same were set forth at length herein.

49.     Plaintiff had an oral lease agreement with the Defendant for the operation of Plaintiff's law firm, under which Plaintiff agreed to and performed HTFS's collection work, in exchange for office space, computer access, and office supplies.

50.     Defendant breached said lease agreement by ordering and/or directing his agents, employees or servants to lock Plaintiff out of his own law firm and real estate business.

51.     Defendant failed to provide Plaintiff with notice and/or adequate notice that he was terminating their oral lease agreement.

### F. COUNT VI – ILLEGAL EVICTION

52.     The Plaintiff hereby incorporates paragraphs one (1) through fifty-seven (51) of this Complaint as if the same were set forth at length herein.

53.     Plaintiff possessed a leasehold interest in the office space he leased from the Defendant at 190 Littleton Road, Westford, Massachusetts, Middlesex County 01886.

54.     Defendant violated M.G.L. Ch. 184, § 18 by ordering and/or directing his agents, employees or servants to lock Plaintiff out of his own law firm and real estate business, and denying Plaintiff access to his own office, client files, investment files, mail, and computer files.

### VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Martin S. Hancock, by his attorney, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Compensation for all monetary and/or economic losses suffered as a result of Defendant's conduct, in an amount to make him whole;

2. Compensation for his mental anguish and humiliation;

3. Punitive damages;

4. All costs and attorney fees incurred in litigating this action;

5. Pre- and post-judgment interest; and

6. Any other relief the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff, Martin S. Hancock, respectfully requests a jury trial for all issues deemed triable by jury.

Dated: September 13, 2004

                                            Respectfully Submitted
                                            Plaintiff
                                            By his Attorney

                                            _/s/ Martin S. Hancock_
                                            Martin S. Hancock, Esq.
                                            (B.B.O. No. 657223)

                                            MARTIN HANCOCK
                                            35 Pratt Ave., Suite 4
                                            Lowell, MA 01851
                                            Telephone: (978) 376-2843

## VERIFICATION

I, Martin S. Hancock do depose and state that I have read the foregoing complaint and have knowledge of the facts set forth therein, and that the facts alleged are true and correct to the best of my knowledge, information, and belief on this 13th day of September, 2004.

Signed under the pains and penalties of perjury this 13th day of September, 2004.

_____
Martin S. Hancock