# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN S. HANCOCK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| JOSEPH R. HANCOCK ) | |
| ) | **04 11989 MEL** |
| Defendant. ) | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Martin S. Hancock, hereby moves the Court for a Preliminary Injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, enjoining the Defendant, Joseph R. Hancock, and his agents, employees, servants, and attorneys, and all those in active concert or participation with Defendant, from taking the following actions, until a final hearing and determination of the merits in the above-entitled action:

1. Preventing and/or refusing to let Plaintiff access Defendant's computer network located at 190 Littleton Road, Westford, Massachusetts, Middlesex County, 01886 to view, download, copy, and/or save all files and directories contained in K:\LEGAL directory;

2. Preventing and/or refusing to let Plaintiff access Defendant's computer network located at 190 Littleton Road, Westford, Massachusetts, Middlesex County, 01886 to view, download, copy, and/or save all files and directories contained in K:\LEGAL directory.

3. Preventing and/or refusing to let Plaintiff access Defendant's computer network located at 190 Littleton Road, Westford, Massachusetts, Middlesex County, 01886 to view, download, copy, and/or save all files and directories contained in K:\DOC directory in which in which Plaintiff created, edited, or modified during his employment at Hancock Tax & Financial

Service (specifically including, not limited to, tax preparation agreements, audit insurance agreements, affidavits, website content prepared for Hancock Tax & Financial Service and Hancock Law Office, labels for Martin Hancock Attorneys at Law, sample Fax Cover Sheets and Memos).

4. Preventing and/or refusing to let Plaintiff access Defendant's computer network located at 190 Littleton Road, Westford, Massachusetts, Middlesex County, 01886 to view Plaintiff's client information and print out work-in-progress sheets from Goldmine, the Defendant's contact database management software.

Plaintiff further moves the Court for an order directing the Defendant, Joseph R. Hancock, to immediately turn over the following items to Plaintiff, pending a trial on the merits of the above-entitled action, or until further order of this Court.

1. All of Plaintiff's collection case files, last seen in the desk of Jennifer Poissant;

2. All mail addressed to Plaintiff, Martin S. Hancock, Hancock Law Office, Martin Hancock Attorneys at Law, Hancock Real Estate, or Attention Martin Hancock c/o Hancock Tax & Financial Service;

3. All of Plaintiff's investment files, specifically including, but not limited to, Plaintiff's licensing files, compliance files, procedure files, complaint files, advertisement files, and correspondence files.

4. All of Plaintiff's legal bond paper, letterhead and envelopes, last seen on top of file cabinets in the file room;

5. Two boxes of 1 ½ inch helvica white lettering, one box last seen on the invoicer's desk and one box last seen on the top self of the supply closet.

If Defendant and his agents, employees, and servants are not immediately enjoined, the confidentiality, attorney-client privilege, and attorney-work-product of Plaintiff's files will be violated and Plaintiff and his clients will suffer immediate and irreparable injury, loss, and damage, as more fully described and set forth in the Verified Complaint and Memorandum in Support of Plaintiff's Motion for Preliminary Injunction filed herein, and the Supporting Affidavit of Martin S. Hancock, attached hereto. Plaintiff does not have an adequate remedy at law to redress violations of his client's confidentiality, attorney-client privilege or attorney work-product. No amount of money damages could adequately compensate Plaintiff or his clients.

Prior to issuance of the injunction prayed for herein, Plaintiff is ready, willing, and able to execute a bond payable to Defendant, or to provide other security in such sum as this Court deems proper for such costs and damages, if any, as may be incurred or suffered by any party found to have been wrongfully enjoined or restrained.

Dated: September 13, 2004

                                              Respectfully Submitted
                                              Plaintiff
                                              By his Attorney

                                              Martin S. Hancock, Esq.
                                              (B.B.O. No. 657223)

                                              MARTIN HANCOCK
                                              35 Pratt Ave., Suite 4
                                              Lowell, MA 01851
                                              Telephone: (978) 376-2843