# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN S. HANCOCK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| JOSEPH R. HANCOCK ) | |
| ) | |
| Defendant. ) | 04 11989 MEL |

## MEMORANDUM IN SUPPORT OF

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### ARGUMENT

**I.  The Standard For Granting Preliminary Injunctive Relief**

In order to determine whether preliminary injunctive relief is appropriate, trial courts must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996).

**II.  The Likelihood of Success On The Merits**

The likelihood Plaintiff succeeding on his claim against the Defendant for illegally evicting him out of his own law office and real estate business is high. M.G.L. Ch. 184, § 18 specifically forbids residential and commercial landlords from engaging in self-help and evicting

tenants without judicial process. When the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief. *EEOC v. Astra USA, Inc.*, 94 F.3d 738, 743 (1st Cir. 1996); *Gately v. Commonwealth of Mass.*, 2 F.3d 1221, 1232 (1st Cir. 1993), cert denied, 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994) (Irreparable harm is subject to a "sliding scale" analysis). The Defendant clearly had no legal right to evict Plaintiff without judicial process, nor does he have any legal right to retain Plaintiff's client's files, mail, and computer files.

### III.   The Potential For Irreparable Harm

While district courts have broad discretion to evaluate the irreparability of alleged harm and to make determinations regarding the propriety of injunctive relief. *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 915 (1st Cir. 1989). A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store. *Biogen Idec MA, Inc. v. Trustees of Columbia University in City of New York*, 2004 WL 1839726 (D. Mass 2004). Here, the threat that the confidentiality, attorney-client privilege and work-product of Plaintiff's files will be breached is real and immediate. The Defendant's employees have already taken Plaintiff's collection files out of his legal assistant's desk and have refused to return them to Plaintiff. If the Defendant or his agents or employees were to view any of Plaintiff's files their confidentiality would be lost forever. No amount of money damages could adequately compensate Plaintiff or his clients. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996) (Irreparable harm is a natural sequel to injuries not accurately measurable or adequately compensable by money damages).

In order to establish attorney work-product, the material in question must (1) be a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for its representative. *Fairbanks v. American Can Co., Inc.* 110 F.R.D. 685, 687 n. 1 (D. Mass. 1986) quoting from *Compagnie Francaise D'Assurance v. Phillips Petroleum Co.*, 105 F.R.D. 16, 41 (S.D.N.Y. 1984). Plaintiff's collection files and computer files constitute attorney-work product, because they were prepared by a licensed attorney, anticipation of litigation and during the course of on going litigation. Plaintiff's files are further protected by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which protects against the disclosure of "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

### IV.  Balance of Equities

Plaintiff estimates that it will only take him about half a day to download his computer files off of the Defendant's computer network. Plaintiff is further willing to post bond or other security for any damages, if any, Defendant may incur as a result of being wrongfully enjoined. When the potential harm to a Defendant can be cured by posting a bond, the hardship to the nonmovant party falls out of the equation. FEDERAL CIVIL LITIGATION IN THE FIRST CIRCUIT § 2-12 (MCLE 2004 Supp.) citing *United Steel Workers of Am. v. Textron, Inc.*, 836 F.2d 6, 9 (1st Cir. 1987).

### V.  The Effect On The Public Interest

Plaintiff must show a fit (or, at least, a lack of friction) between the requested injunction and the public interest. *EEOC v. Astra USA, Inc.*, 94 F.3d 738, 742 (1st Cir. 1996). Here, there is

no effect on the public interest. The only individuals that would be affected by the requested injunction is the Defendant himself, and his agents, employees, and servants acting on his behalf. Therefore, the fit between the requested relief and the effect on the public is drawn as narrowly as possible without affecting innocent third parties.

## CONCLUSION

For all of the reasons set forth above, Plaintiff requests that his motion for preliminary injunctive relief be granted.

Dated: September 13, 2004

Respectfully Submitted  
Plaintiff  
By his Attorney

_____  
Martin S. Hancock, Esq.  
(B.B.O. No. 657223)

MARTIN HANCOCK  
35 Pratt Ave., Suite 4  
Lowell, MA 01851  
Telephone: (978) 376-2843
